# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Philip James Chillemi,<br><br>Petitioner,<br><br>v.<br><br>United States of America, et al.,<br><br>Respondents. | No. CV-18-00710-PHX-SRB<br><br>**ORDER** |

Petitioner Philip James Chillemi filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 on March 5, 2018 and an Amended Petition on May 8, 2018 claiming that he is actually innocent of his Career Offender sentencing enhancement and requesting that the Court resentence him. Petitioner's argument is that his current and prior federal Bank Robbery convictions do not qualify as crimes of violence and, therefore, he was improperly sentenced as a Career Offender under USSG §4B1.1. The Government responded in opposition on September 10, 2018 arguing that this Court could not consider the petition under 28 U.S.C. § 2241 because Petitioner's argument was of innocence of his sentence and not a factual claim of actual innocence of his Bank Robbery conviction. The Government's second argument is that Petitioner's claim fails on the merits because Bank Robbery is a crime of violence under binding Ninth Circuit precedent. Petitioner filed a reply on January 31, 2019.

On May 9, 2019 the Magistrate Judge issued his Report and Recommendation. The Magistrate Judge concluded that the Court likely lacks jurisdiction over this § 2241 Petition

because Petitioner has not argued actual innocence for the crime of conviction; only the sentence. The Magistrate Judge concluded that challenges to the legality of a sentence can only be brought under § 2255 unless Petitioner qualifies for the "escape hatch" or "savings clause" in 28 U.S.C. § 2255(e). The Magistrate Judge found that the escape hatch is only available when the claim is one of actual innocence of the underlying charge not actual innocence of sentence. Conceding that this may be an open question, the Magistrate Judge also analyzed the merits of Petitioner's claim. Petitioner admits to at least two prior federal Bank Robbery convictions. In *United States v. Watson*, 881 F.3d 782 (9th Cir. 2018), the court reaffirmed its earlier holding in *United States v. Gutierrez*, 870 F.3d 1254 (9th Cir. 2017) that "bank robbery qualifies as a crime of violence because even the least violent form of bank robbery requires at least an implicit threat to use the type of violent physical force necessary to meet the *Johnson* [1] standard." *Id* at 785. The Magistrate Judge concluded that because Petitioner's Bank Robbery convictions qualify as crimes of violence that he is not actually innocent of his sentencing enhancement.

Petitioner filed a timely written objection. His objection is a single page. It does not mention the jurisdictional question. Regarding the Career Offender enhancement, Petitioner states he was not a Career Offender and was sentencing in error because *Watson* does not apply to his offense. His argument appears to be that when he committed Bank Robbery violence was never implied and there was no threat of intimidation. Petitioner's objection is foreclosed by the court's holding in *Watson*.

IT IS ORDERED overruling Petitioner's Objection to the Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 31)

IT IS FURTHER ORDERED that the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is dismissed for lack of jurisdiction. (Doc. 7)

IT IS FURTHER ORDERED alternatively that the Amended Petition for Writ of

---

[1] *Johnson v. United States*, 559 U.S. 133, 130 S.Ct. 1265 (2010)

Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied.

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed in *forma pauperis* on appeal because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

Dated this 6th day of June, 2019.

*Susan R. Bolton*
Susan R. Bolton
United States District Judge